FILED
CLERK, U.S. DISTRICT COURT

**4/1/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

November 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>BRANDON EMMANUEL BROWN,<br>  aka "Hitman,"<br>  aka "Lil B,"<br>  aka "Mr. BB,"<br><br><br><br>            Defendant. | CR      2:22-cr-00120-ODW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1),<br>(b)(1)(B)(iii): Possession with<br>Intent to Distribute Cocaine Base<br>in the Form of Crack Cocaine;<br>21 U.S.C. §§ 841(a)(1), (b)(1)(C):<br>Possession with Intent to<br>Distribute Cocaine; 18 U.S.C.<br>§§ 924(c)(1)(A)(i), (B)(ii):<br>Possession of Firearms and a<br>Machinegun in Furtherance of Drug<br>Trafficking Crimes; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of a Firearm and Ammunition;<br>18 U.S.C. § 922(o)(1): Possession<br>of a Machinegun; 26 U.S.C.<br>§ 5861(d): Possession of an<br>Unregistered Firearm; 26 U.S.C.<br>§ 5861(i): Possession of a Firearm<br>Not Identified by a Serial Number;<br>21 U.S.C. § 853, 18 U.S.C. § 924,<br>26 U.S.C. § 5872, and 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

        The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

On or about September 1, 2020, in Los Angeles County, within the Central District of California, defendant BRANDON EMMANUEL BROWN, also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 74.5 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about September 1, 2020, in Los Angeles County, within the Central District of California, defendant BRANDON EMMANUEL BROWN, also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(i), (B)(ii)]

On or about September 1, 2020, in Los Angeles County, within the Central District of California, defendant BRANDON EMMANUEL BROWN, also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly possessed firearms, namely, a Taurus, model G2C, 9mm semi-automatic pistol, bearing serial number TL056385, and an M-16-type, .300 Blackout caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), and which defendant BROWN knew to be a machinegun, in furtherance of drug trafficking crimes, namely, possession with intent to distribute cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(iii), as charged in Count One of this Indictment, and possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Two of this Indictment.

1                              COUNT FOUR

2                         [18 U.S.C. § 922(g)(1)]

3        On or about September 1, 2020, in Los Angeles County, within the

4   Central District of California, defendant BRANDON EMMANUEL BROWN,

5   also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly

6   possessed a firearm, namely, a Taurus, model G2C, 9mm semi-automatic

7   pistol, bearing serial number TL056385, and ammunition, namely,

8   approximately 100 rounds of Remington 0.30 Carbine caliber

9   ammunition, 92 rounds of Winchester 9mm ammunition, 58 rounds of CBC

10  .300 Blackout caliber ammunition, 49 rounds of Tulammo 9mm

11  ammunition, 47 rounds of Hornady .300 Blackout caliber ammunition, 40

12  rounds of PMP 7.62mm ammunition, 20 rounds of Remington .308

13  Winchester caliber ammunition, 10 rounds of CCI .38 Special caliber

14  ammunition, two rounds of Federal 9mm ammunition, two rounds of Speer

15  9mm ammunition, and one round of Aguila 9mm ammunition, in and

16  affecting interstate and foreign commerce.

17       Defendant BROWN possessed such firearm and ammunition knowing

18  that he had previously been convicted of at least one of the

19  following felony crimes, each punishable by a term of imprisonment

20  exceeding one year:

21       1.   Possession of Controlled Substances for Sale, in violation

22  of California Health & Safety Code Section 11351.5, in the Superior

23  Court of the State of California, County of Los Angeles, Case Number

24  BA291213, on or about December 1, 2005;

25       2.   Possession of Contraband in Jail, in violation of

26  California Penal Code Section 4573.6, in the Superior Court of the

27  State of California, County of Los Angeles, Case Number PA051303, on

28  or about December 8, 2005;

3.    Possession of a Weapon in Jail or Prison, in violation of California Penal Code Section 4574(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA332218, on or about July 9, 2008;

4.    Attempted Robbery in the Second Degree, in violation of California Penal Code Sections 664 and 211, in the Superior Court of the State of California, County of Los Angeles, Case Number SA058103, on or about July 10, 2008;

5.    Possession of a Weapon in a Penal Institution, in violation of California Penal Code Section 4502(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA343192, on or about October 23, 2008;

6.    Possession of Controlled Substances for Sale, in violation of California Health & Safety Code Section 11352(a), in the Superior Court of the State of California, County of Los Angeles, Case Number BA410799, on or about January 6, 2014; and

7.    Possession of a Firearm by a Convicted Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Los Angeles, Case Number SA099415, on or about December 5, 2018.

COUNT FIVE

[18 U.S.C. § 922(o)(1)]

On or about September 1, 2020, in Los Angeles County, within the Central District of California, defendant BRANDON EMMANUEL BROWN, also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), namely, an M-16-type, .300 Blackout caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), which defendant BROWN knew to be a machinegun.

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT SIX

[26 U.S.C. § 5861(d)]

On or about September 1, 2020, in Los Angeles County, within the Central District of California, defendant BRANDON EMMANUEL BROWN, also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly possessed a firearm, namely, an M-16-type, .300 Blackout caliber rifle, bearing no serial number (commonly referred to as a "ghost gun"), with a barrel of less than 16 inches in length, namely, approximately 7 5/8 inches in length, which defendant BROWN knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant BROWN in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53.

1                              COUNT SEVEN

2                           [26 U.S.C. § 5861(i)]

3         On or about September 1, 2020, in Los Angeles County, within the

4    Central District of California, defendant BRANDON EMMANUEL BROWN,

5    also known as ("aka") "Hitman," aka "Lil B," aka "Mr. BB," knowingly

6    possessed a firearm, namely, an M-16-type, .300 Blackout caliber

7    rifle, bearing no serial number (commonly referred to as a "ghost

8    gun"), with a barrel of less than 16 inches in length, namely,

9    approximately 7 5/8 inches in length, which defendant BROWN knew to

10   be a firearm and a short-barreled rifle, as defined in Title 26,

11   United States Code, Sections 5845(a)(3) and 5845(c), and which was

12   not identified by serial number, as required by Title 26, United

13   States Code, Chapter 53.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense, including, but not limited to, $616 in U.S. currency that was seized from defendant on or about September 1, 2020;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in such offense, including, but not limited to, the following:

i.   One Taurus, model G2C, 9mm semi-automatic pistol, bearing serial number TL056385;

ii.  One M-16-type, .300 Blackout caliber rifle, bearing no serial number (commonly referred to as a "ghost gun");

iii. 100 rounds of Remington 0.30 Carbine caliber ammunition;

1                          iv.   92 rounds of Winchester 9mm ammunition;

2                          v.    58 rounds of CBC .300 Blackout caliber

3  ammunition;

4                          vi.   49 rounds of Tulammo 9mm ammunition;

5                          vii. 47 rounds of Hornady .300 Blackout caliber

6  ammunition;

7                          viii.40 rounds of PMP 7.62mm ammunition;

8                          ix.   20 rounds of Remington.308 Winchester caliber

9  ammunition;

10                         x.    10 rounds of CCI .38 Special caliber ammunition;

11                         xi.   two rounds of Federal 9mm ammunition;

12                         xii. two rounds of Speer 9mm ammunition;

13                         xiii. one round of Aguila 9mm ammunition; and

14           (d)   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraphs (a), (b), and (c).

17      3.    Pursuant to Title 21, United States Code, Section 853(p),

18  and as incorporated by Title 28, United States Code, Section 2461(c),

19  the defendant, if so convicted, shall forfeit substitute property if,

20  by any act or omission of the defendant, the property described in

21  the preceding paragraph, or any portion thereof: (a) cannot be

22  located upon the exercise of due diligence; (b) has been transferred,

23  sold to, or deposited with a third party; (c) has been placed beyond

24  the jurisdiction of the court; (d) has been substantially diminished

25  in value; or (e) has been commingled with other property that cannot

26  be divided without difficulty.

27

28

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Three through Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficult.

12

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Six or Seven of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm involved in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

13

1  substantially diminished in value; or (e) has been commingled with

2  other property that cannot be divided without difficulty.

3                                          A TRUE BILL

4                                          /S/

5                                          _____
                                           Foreperson

6  TRACY L. WILKISON
   United States Attorney

7

8  *Christina Shay for SMG*

9  SCOTT M. GARRINGER
   Assistant United States Attorney
10 Chief, Criminal Division

11 JOSHUA O. MAUSNER
   Assistant United States Attorney
12 Deputy Chief, General Crimes
   Section
13

14 ANDREW M. ROACH
   Assistant United States Attorney
15 Cyber & Intellectual Property
   Crimes Section

16

17

18

19

20

21

22

23

24

25

26

27

28