E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-5748
     Facsimile:    (213) 894-6269
     E-mail:       amanda.elbogen@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-120-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT BRANDON EMMANUEL BROWN |
| v. | |
| BRANDON EMMANUEL BROWN, aka "Hitman," aka "Lil B," aka "Mr. BB," | Sentencing Date: January 29, 2024 Sentencing Time: 11:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Amanda B. Elbogen, hereby files its sentencing position for defendant Brandon Emmanuel Brown ("defendant").

//

//

//

This position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") (Dkt. 32), the recommendation of the United States Probation Office ("USPO Recommendation") (Dkt. 31), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 15, 2024         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

         /s/
AMANDA B. ELBOGEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On May 10, 2023, defendant Brandon Emmanuel Brown pleaded guilty, pursuant to a plea agreement, to three counts of the indictment in this case: possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (count two), being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (count four), and possession of a machinegun in violation of 18 U.S.C. § 922(o)(1) (count five).  In the plea agreement, the parties agreed that defendant's offense level, as a career offender, was 32.  (See U.S.S.G. § 4B1(b)(3); see also Presentence Report ("PSR"), Dkt. 32, at ¶¶ 49-51.)  After a three-level decrease for acceptance of responsibility, defendant's total offense level is 29.  (PSR ¶¶ 52-54.)  Defendant's criminal history category is VI, due to a total of 22 criminal history points (PSR ¶¶ 71-72), resulting in a Guidelines Range of 151-188 months.  (PSR ¶ 132.)

The government respectfully concurs with the U.S. Probation Office's conclusion that a total sentence of 151 months' imprisonment is appropriate, just, and necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).  (See USPO Recommendation, Dkt. 31, at 1.)

**II.  STATEMENT OF FACTS**

On the evening of September 1, 2020, agents from FBI's Los Angeles Metropolitan Task Force on Violent Gangs and Los Angeles Police Department officers conducted a probation compliance check at defendant's residence.  Defendant was on Post-Release Community Supervision ("PRCS") with full search terms following a felony conviction on a prior weapons charge.  Upon arriving at defendant's

1 residence, officers detained defendant and searched the areas where
2 he resided.
3     Inside defendant's residence, he possessed approximately 64
4 grams of powder cocaine, approximately 99 grams of cocaine base, two
5 digital scales, various empty plastic bags, and approximately $616.
6 Defendant also possessed, in his bedroom, over 400 rounds of
7 ammunition, including 300 Blackout and 9mm ammunition.  In
8 defendant's vehicle that was parked in the driveway of the residence,
9 defendant possessed a 300 Blackout M16-style machinegun (with an
10 attached circular high-capacity magazine), which was a fully
11 automatic machinegun, and a 9mm handgun.  The M16-style gun had a red
12 bandana tied around the muzzle, and several red hats were also
13 located in the car.  Also in defendant's car were approximately 8.28
14 grams of cocaine base.
15     At the time defendant knowingly possessed the powder cocaine,
16 cocaine base, the machinegun, the 9mm handgun, and the 400 rounds of
17 ammunition, defendant had eight prior felony convictions and knew
18 that he was a felon.  The firearms and ammunition had each been
19 transported from one state to another, or between a foreign nation
20 and the United States.
21 **III. GUIDELINES CALCULATION**
22     **A.   The PSR and USPO Recommendation**
23     On August 15, 2023, the USPO filed a PSR in this matter. The
24 USPO determined that defendant's base offense level is 24 given the
25 combined drug weight of 283.91 kilograms(PSR ¶ 32), with a two-level
26 enhancement for possession of a dangerous weapon (PSR ¶ 33), another
27 two-level enhancement for possession of a machinegun after sustaining
28 two felony convictions for either controlled substances or a crime of

violence (PSR ¶ 39), and another two-level enhancement for the multi-count adjustment (PSR ¶ 45). The USPO then determined that because defendant is a career offender, his offense level is therefore increased to 32. (PSR ¶¶ 49-51; U.S.S.G. § 4B1(b)(3).) After accounting for a 3-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 29. (PSR ¶ 54.) The USPO also calculated defendant's criminal history category to be VI. (PSR ¶¶ 71-72.) Based on a total offense level of 29 and a criminal history category VI, the USPO calculated defendant's Guidelines range as 151 to 188 months' imprisonment. (PSR ¶ 132.)

The USPO recommended a low-end sentence of 151 months. (USPO Recommendation, Dkt. 31 at 1.)

**B.   The Government's Calculation of Defendant's Guideline Range**

In the plea agreement, the parties agreed to a base offense level of 32, based on the criminal offender enhancement in U.S.S.G. § 4B1(b)(3). Though the USPO calculated defendant's base offense level to be 24, and pre-acceptance offense level to be 32 (PSR ¶¶ 32-51), the result is the same.

The government agrees with the USPO's calculation of defendant's criminal history points and category. Based on a Criminal History Category VI and a total offense level of 29, defendant's Guidelines range is 151 to 188 months.

**IV.   A 151-MONTH SENTENCE IS JUST AND APPROPRIATE**

The government recommends that the Court sentence defendant to a term of 151 months' imprisonment, a three-year period of supervised release, and a $300 special assessment. The recommended sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing reflected in § 3553(a).

3

While not definitive, the Guidelines range provides the starting point for finding a reasonable sentence and must then be considered with the factors set forth in Section 3553(a). See United States v. Cantrell, 433 F.3d 1296, 1279 (9th Cir. 2006). "To comply with the requirements of Booker, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a). This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006) (citation omitted).

**A.  The Seriousness of the Offense and the Need to Provide Just Punishment Support the Government's Recommended Sentence**

The recommended sentence reflects the seriousness of defendant's criminal conduct. Though a felon with career-offender status on Post-Release Community Supervision, defendant knowingly possessed a machinegun, handgun, ammunition, powder cocaine, and cocaine base, as well as drug scales and empty plastic bags indicative of a drug operation. Defendant's actions reflected a blatant disregard for the law and presented a clear danger to the community. The government's recommended sentence accounts for the seriousness of the offense.

**B.  History and Characteristics of the Defendant**

Defendant's history and characteristics also justify a low-end, 151-month sentence. See 18 U.S.C. § 3553(a)(1). In mitigation, defendant is accepting responsibility for his offenses, struggles with drug addiction and mental health issues, and did not grow up in a safe and nurturing environment. (USPO Recommendation, Dkt. 31 at 5.) In aggravation, defendant has been committing serious criminal

4

offenses for most of his adult life, even while under supervision, as reflected by his career-offender status. (Id.) On balance, a low-range sentence in the Guidelines range appropriately reflects defendant's history and characteristics.

### C. Need for Deterrence and To Promote Respect for the Law

The government's recommended sentence would also appropriately promote respect for the law, protect the community, and deter defendant and others who would seek to emulate his conduct. See 18 U.S.C. § 3553(a)(2)(B) (the sentence imposed must "afford adequate deterrence to criminal conduct," which encompasses both specific and general deterrence). The government submits that 151 months' custody and three years' supervised release would hold defendant accountable for his past crimes and deter him from committing future crimes. This sentence would also serve as a warning to others who would seek to emulate defendant's conduct.

### D. Need for the Sentence to Avoid Unwarranted Disparities

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants. One way of doing so is to correctly calculate the Guidelines range. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendants can expect

5

similar sentences. As such, the government's recommended within-Guidelines sentence avoids an unwarranted disparity with similarly situated defendants.

## V. SPECIAL ASSESSMENT AND FINE

Defendant must pay a $300 mandatory special assessment. (18 U.S.C. § 3013(a)(2)(A).)

## VI. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 151 months' imprisonment, a three-year term of supervised release with the conditions identified by the USPO, and a $300 special assessment.